```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE PRUDENTIAL INSURANCE COMPANY              :
OF AMERICA,
                                              :     12 Civ. 05266 (RA) (DF)
                        Plaintiff,
                                              :     REPORT AND
            -against-                               RECOMMENDATION
                                              :
RICHARD MAHONEY and SANDRA GARCIA-
ROSARIO, as mother and legal guardian of T.M.,:

                        Defendants.           :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/14
```

**TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:**

In this action, plaintiff The Prudential Insurance Company of America ("Plaintiff") brought a Complaint in Interpleader, requesting that the Court determine, as between *pro se* defendants Richard Mahoney ("Mahoney") and Sandra Garcia-Rosario ("Garcia-Rosario") (collectively, "Defendants"), the proper beneficiary of a certain death benefit payable pursuant to an insurance policy that had been owned by Robert Mahoney (the "Decedent"). The matter was referred to this Court for a report and recommendation as to summary judgment (*see* Dkt. 22), and, for the reasons that follow, I recommend that summary judgment be granted in favor of Mahoney.

## BACKGROUND

### A.   Factual Background

On May 15, 1989, the Decedent enrolled in the Group Life Insurance Policy (the "Policy") offered by his employer, ACE USA, designating his brother, Mahoney, as the sole primary beneficiary to the Policy benefits. (Complaint, dated July 6, 2012 ("Compl.") (Dkt. 1) ¶¶ 8-10 & Ex. A thereto (Field Sales Benefit Enrollment Form ("Enrollment Form")).) When the

Decedent died on April 23, 2012,[1] a death benefit in the amount of $79,000 (the "Death Benefit") became due and payable to the beneficiary of his Policy. (*See* Compl. ¶¶ 11-12 & Ex. B thereto (Certificate of Death).) Mahoney made a claim for the Death Benefit on May 4, 2012.[2] (*See* Compl. ¶ 13 & Ex. C thereto (Beneficiary Statement).)

Also in May, 2012, Garcia-Rosario, the mother of the Decedent's unemancipated child, T.M., made a claim for the Death Benefit, on behalf of T.M. (*See* Compl. ¶ 14.) In support of her claim, she submitted to Plaintiff a copy of a consent order entered by the Superior Court of New Jersey, requiring the Decedent to maintain life insurance coverage in the amount of $100,000 with T.M. as the named beneficiary. (*See id.* & Ex. D thereto (Consent Order of Paternity and Support, dated Dec. 12, 1993 ("Consent Order")).)

As discussed below, however, Mahoney has offered evidence showing that the proceeds of a separate life insurance policy, obtained by the Decedent through Northwestern Mutual Life Insurance Company ("Northwestern Mutual") for the benefit of T.M., have already been paid directly to T.M. (*See* Order, dated Mar. 11, 2013 (Dkt. 20).)

B.   **Procedural History**

Plaintiff filed its Complaint on July 6, 2012, conceding liability to pay the Death Benefit to the proper beneficiary of the Decedent. (*See* Compl. ¶ 12.) Neither defendant answered or otherwise responded to the Complaint. Plaintiff requested that the Court enter a default as to Garcia-Rosario (Dkts. 7, 9), and the Clerk of Court issued a certificate of default on September 17, 2012 (Dkt. 8).

---

[1] Although the Complaint states the date of death as April 12, 2012 (*see* Compl. ¶ 11), the Court uses April 23, 2012, the date provided on the Decedent's death certificate (*see id.*, Ex. B).

[2] The Complaint states the year of Mahoney's claim as 2011 (Compl. ¶ 13), but that appears to be an error (*see id.*, Ex. C (claim form)).

2

On September 27, 2012, the Court (Abrams, J.) then ordered that Garcia-Rosario appear in person to show good cause why a default judgment should not be entered against her, precluding her from receiving any portion of the Death Benefit. (Dkt. 11.) Although Garcia-Rosario did not appear at the conference, the Court declined to enter a default judgment against her and instead extended, to November 9, 2012, Garcia-Rosario's time to answer or otherwise respond to the Complaint. (Dkt. 14.) Garcia-Rosario, however, again failed to answer or otherwise respond to the Complaint.

On December 6, 2012, the Court directed Plaintiff to deposit with the Court a check in the amount of $79,000, plus claim interest, if any, to be maintained in an interest-bearing account. (Dkt. 17.) The Court ordered that, upon its receipt of such funds, Plaintiff was to be dismissed from the action, and any and all related claims against Plaintiff were to be dismissed with prejudice. (*Id.*) Plaintiff deposited $79,000 with the Court on December 11, 2012.[3] (*See* Dec. 19, 2012 text entry on Dkt.)

After Judge Abrams then referred the matter to this Court for general pretrial supervision (Dkt. 18), this Court held a telephone case management conference, in which both Mahoney and Garcia-Rosario participated (*see* Dkt. 20). After hearing from the parties, this Court ordered them to proceed with any necessary discovery, to be completed by April 12, 2013, and further ordered that any motion for summary judgment be filed by April 30, 2013. (*See id.*)

On October 18, 2013, Judge Abrams issued a second Order of Reference (Dkt. 22), requesting that this Court provide a report and recommendation on summary judgment. As neither party had timely moved for summary judgment as directed, this Court ordered that each

---

[3] Plaintiff did not include any claim interest on the $79,000 Death Benefit, but no party has questioned whether the proper amount was deposited with the Court.

3

defendant submit to the Court, by November 21, 2013, a sworn affidavit (or signed declaration made under penalty of perjury), stating the reasons why each believed he or she was entitled to the Death Benefit, and attaching any documentary evidence supporting his or her position. (*See* Order, dated Oct. 22, 2013 (Dkt. 23).)

On November 21, 2013, Mahoney submitted a letter, which stated that it was made under penalty of perjury, but which was unsigned. (Letter to the Court from Richard Mahoney, dated Nov. 18, 2013 ("Mahoney Ltr.") (Dkt. 24).) Attached to that purported declaration were: (1) a copy of the Enrollment Form, naming Mahoney as beneficiary of any benefits due under the Policy (Mahoney Ltr., Ex. A); and (2) a copy of a Statement of Policy Benefits from Northwestern Mutual (Mahoney Ltr., Ex. B), indicating that $131,403.19 in benefits had been paid to T.M. from the Decedent's separate policy with that company. On April 7, 2014, this Court received from Mahoney a signed copy of his declaration. (*See* Declaration of Richard Mahoney, dated Nov. 18, 2013 ("Mahoney Decl.") (Dkt. 25).) Garcia-Rosario, for her part, has failed to make any submission to the Court.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "After giving notice and a reasonable time to respond," a district court may also grant summary judgment in favor of a non-movant, Fed. R. Civ. P. 56(f)(1), "grant the motion on grounds not raised by a party," Fed. R. Civ. P. 56(f)(2), or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute," Fed. R. Civ. P. 56(f)(3).

4

Indeed, "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Celotex Corp.*, 477 U.S. at 326; *see also Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (noting that a court may grant summary judgment *sua sponte*, after determining that "the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried" (quoting *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005))).

Nonetheless, before granting summary judgment *sua sponte*, a court

> must assure itself that following the procedures set out in Rule 56 would not alter the outcome. Discovery must either have been completed, or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment.

*Federal Ins. Co. v. Zurich American Ins. Co.*, 445 F. App'x 405, 407 (2d Cir. 2011) (summary order) (quoting *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996)).

## II.   THE PARTIES' CLAIMS TO THE DEATH BENEFIT AT ISSUE

While Mahoney and Garcia-Rosario both claim to be the proper beneficiary under the Policy, only Mahoney has offered any evidence in support of his position, despite the Court's repeated invitations to Garcia-Rosario to participate in the case. (*See, e.g.,* Dkts. 11, 14, 20, 23.) Discovery has long since closed (*see* Dkt. 20), and this Court expressly informed Defendants that any evidence in support of their respective positions was to be submitted by November 21, 2013 (*see* Dkt. 23). Although the submission Mahoney made by that date was imperfect (given that his declaration was unsigned), the documentary evidence he offered appears to support his position. Moreover, his *pro se* submissions signaled an earnest attempt to provide the Court with

5

useful information, and he did eventually resubmit an executed copy of his declaration. In contrast, Garcia-Rosario has offered nothing to cast doubt on Mahoney's claim, let alone to support hers.

In particular, the evidence submitted by Mahoney includes the Decedent's Enrollment Form, which was apparently maintained in Plaintiff's own files (*see* Compl. ¶ 10 & Ex. A), and which names Mahoney as the beneficiary of the Policy. (*See* Mahoney Ltr., Ex. A.) In addition, Mahoney stated, in his declaration, that he and the Decedent were "especially close as identical twin brothers," lived together and shared household expenses throughout their lives, and "designated each other as the sole beneficiaries of [their] respective work life insurance benefits." (Mahoney Decl. ¶ 2.) He further stated that the Decedent had been an insurance salesman and, accordingly, was "very capable and knowledgeable" about changing the beneficiary of a policy, had he wanted to do so. (*Id.*)

The only potential support in the record for Garcia-Rosario's position that her child, T.M., should be deemed the Policy beneficiary is the Consent Order requiring the Decedent to maintain $100,000 in life insurance coverage for T.M.'s benefit. (*See* Compl., Ex. D.) Mahoney, however, contends that the Decedent fulfilled that obligation by maintaining a separate policy through Northwestern Mutual. (*See* Mahoney Decl. ¶ 3.) In discovery, Mahoney obtained, via a subpoena he served on Northwestern Mutual, a copy of a statement showing that over $100,000 in benefits under that separate policy were distributed to T.M. in 2012. (*See id.* & Ex. B; Dkt. 21.) As the record contains a copy of this statement that is accompanied by an authenticating affidavit from a representative of Northwestern Mutual (*see* Dkt. 21), it is appropriate for the Court to consider the statement here. Further, Garcia-Rosario has not disputed that these separate benefits were paid, and in fact, she appeared to acknowledge as

6

much during the conference held before this Court, when she complained that benefits under the Northwestern Mutual policy had been paid directly to T.M., rather than to her, as T.M.'s guardian. (*See* Dkt. 20, at ¶ 2.)

In any event, after participating in that conference with the Court, Garcia-Rosario has done nothing to advance her position in this case. She has submitted nothing in opposition to the written submission made by Mahoney, and shown nothing capable of refuting the plain meaning of Plaintiff's Enrollment Form, which clearly lists Mahoney as the Policy beneficiary. Under the circumstances, this Court cannot find that there is any material fact that is genuinely in dispute. As both parties were "on notice that [they] had to come forward with all of [their] evidence," *Celotex Corp.*, 477 U.S. at 326, and as the unchallenged evidence in the record points to Mahoney as the beneficiary of the Policy, it would be appropriate for the Court – even in the absence of a formal motion – to grant summary judgment in Mahoney's favor, *see* Fed. R. Civ. P. 56(f); *Fed. Ins. Co.*, 445 F. App'x at 407.

## CONCLUSION

For the foregoing reasons, I recommend that summary judgment be granted in favor of Mahoney. I further recommend that, in connection with the judgment, the Court issue an Order directing the Clerk of Court to close the account containing the Death Benefit; to disburse all funds, including any accrued interest, to Richard Mahoney, at 88 Rosman Road, Thiells, New York, 10984; and to close this case on the Court's docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy

copies delivered to the chambers of the Honorable Ronnie Abrams, United States Courthouse, 40 Foley Square, Room 2203, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams. As Defendants are proceeding in this action *pro se*, any submissions they make to the Court (including any objections to this Report and Recommendation for filing, any courtesy copies for judges' chambers, and any requests for extensions of time) should be mailed by them to the Court's *Pro Se* Office. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
April 30, 2014

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Richard Mahoney
88 Rosman Road
Thiells, NY 10984

Ms. Sandra Garcia-Rosario
40 3rd Avenue
Westwood, NJ 07675